SOUTHERN RAILWAY CO. *v.* GRIFFIN.

(*Jackson.*　April Term, 1914.)

**RAILROADS.** Statutory requirements. Approaching city or town. Shannon's Code, sec. 1574, subsec. 3, providing that, in approaching a city or town, the bell or whistle of a train shall be sounded when at a distance of one mile, and then at short intervals till it reaches the depot or station, and also on leaving a town or city, etc., applies to through trains which do not stop at a town or city as well as to local trains that do stop. (*Post, p.* 559.)

Code cited and construed: Sec. 1574 (S.).

FROM SHELBY.

Appeal from Circuit Court of Shelby County.— WALTER MALONE, Judge.

BELL, TERRY & BELL, for Griffin.

CARUTHERS EWING, for Southern Ry. Co.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This suit was brought by Walter L. Griffin, as administrator of the estate of Mrs. Laura L. Griffin, alleging that Mrs. Griffin was killed by one of the trains of the company which was being run through the village of Germantown negligently, in that there was a failure to observe the statutory precautions prescribed

by Code (Shannon) 1574 (3) which section is as follows:

"On approaching a city or town, the bell or whistle shall be sounded when the train is at the distance of one mile, and at short intervals till it reaches the depot or station; and on leaving a town or city, the bell or whistle shall be sounded when the train starts, and at intervals till it has left the corporate limits."

The train was a fast through train that did not stop at Germantown, which is an incorporated municipality. The proof of the railway company fails to show a compliance with the statute, if on proper construction it be applicable.

The contention of defendant company is that the quoted statute has reference to trains approaching and leaving a station at which it makes a stop, and not to through trains such as was this. We cannot accept this as the correct construction of the statute, which was applicable, in its protective features, to Mrs. Griffin at the crossing of the highway and the railroad.

There is more reason for the bell and whistle to be sounded by the enginemen of a through train, which does not slow down its speed on its approach to a depot, than by a train which comes to a stop. We do not conceive that this stronger reason was not in contemplation by the legislature when the statute was enacted.

Writ of *certiorari* having been granted, the judgment of the court of civil appeals is affirmed.